**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INFOCISION MANAGEMENT CORP., | ) | CASE NO.  5:08CV1342 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| FOUNDATION FOR MORAL LAW, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

The matter is before the Court upon the motion of defendant Infocision Management Corporation (plaintiff or Infocision) for sanctions against defendant Foundation for Moral Law, Inc. (defendant or FML). (Doc. No. 56.) In support of its motion, Infocision complains that FML has repeatedly failed to make its representative, Richard Hobson, available for deposition. The motion is fully briefed and ripe for decision.

**Background**

This case is one of three actions involving a failed business relationship between Infocision and FML. FML, a non-profit organization, hired Infocision to engage in fundraising activities. When a dispute arose over the fundraising contract, Infocision

brought the present suit to recover monies it believes it is owed by FML.[1] (*See* Doc. No. 1, Complaint, filed June 3, 2008.) Nine days later, on June 11, 2008, FML filed suit against Infocision, raising federal statutory claims, as well as state contract and tort claims. (Case No. 5:08CV1412, Doc. No. 1, Complaint.) The Court consolidated these first two actions on December 23, 2008. Recently, a related third action was filed by FML against Curtis Stern. (Case No. 5:09CV951, Doc. No. 1, Complaint.) This new case was consolidated with the original two actions on May 20, 2009.

According to the present motion, Infocision attempted to schedule Hobson's deposition on three separate occasions. The deposition was originally scheduled to take place the day after the March 5, 2009 mediation. Counsel for FML subsequently requested that the deposition be reset because Hobson had a conflict on that date. Infocision agreed to reschedule, and noticed Hobson's deposition for March 12, 2009.

While the March 5, 2009 mediation session did not resolve the litigation, the mediator suggested that a second mediation might prove fruitful, provided the parties engaged in some additional discovery prior to the session. The parties agreed to participate in a second mediation, and Infocision agreed to reset Hobson's deposition for immediately after the second mediation, which was set forth April 14, 2009.

---

[1]The first litigation between these parties was actually initiated by FML in October 2007. After the Court dismissed certain claims from this original action, FML voluntarily dismissed this original lawsuit on June 2, 2008.

In an email dated April 6, 2009, counsel for FML expressed concern that the second mediation and the Hobson deposition may not take place due to the "approaching holy days." (Doc. No. 56, Ex. C.) While there appears to some dispute as to whether any religious holidays posed a problem for the mediation and deposition, counsel agreed to reschedule the mediation for April 29, 2009, with Hobson's deposition to take place immediately thereafter, assuming the case did not settle.

Immediately after the second mediation, which Infocision deemed a "complete waste of time" due to FLM's alleged failure to timely produce certain written discovery responses, FML's counsel announced that Hobson would not be available for deposition until after FML had deposed Infocisions' representatives Forrest Thompson and Rebecca Bacchus. Hobson has yet to appear for a deposition.

In its motion, Infocision claims that FML has failed to honor its promise to produce Hobson for deposition, and has, otherwise, failed to participate in discovery in good faith. As sanctions, Infocision seeks to prohibit FML from offering any evidence as to claimed damages, and to prevent Hobson from offering any testimony. In addition, Infocision wishes to recover its attorney's fees and costs associated with the second mediation and the preparation of the present motion.

In response, FML insists that "[t]his discovery dispute arises from a disagreement over the order in which certain depositions would be taken, not as Infocision claims in its motion, concerning the availability of Dr. Richard Hobson for the taking of his deposition upon oral examination." (Doc. No. 60, Opp. Brief, p. 2.) FML

also notes that Infocision failed to comply with the Court's Local Rules in bringing this

motion.

**Law and Analysis**

Local Rule 37.1 sets forth specific steps that must be taken before filing a

discovery motion. Specifically, L.R. 37.1(a) requires that:

> In the absence of a Judicial Officer establishing an alternative procedure
> for handling discovery disputes, the following procedure shall apply.
>
> (1)  Discovery disputes shall be referred to a Judicial Officer
> only after counsel for the party seeking the disputed discovery
> has made, and certified to the Court the making of, sincere,
> good faith efforts to resolve such disputes.
>
> (2)  The Judicial Officer may attempt to resolve the discovery
> dispute by telephone conference.
>
> (3)  In the event the dispute is not resolved by the telephone
> conference, the parties shall outline their respective positions
> by letter and the Judicial Office shall attempt to resolve the
> dispute without additional legal memoranda.
>
> (4)  If the Judicial Officer still is unable to resolve the dispute,
> the parties may file their respective memoranda in support of
> and in opposition to, the requested discovery by a date set by
> the Judicial Officer, who may schedule a hearing on the motion
> to compel.

As is clear from the rule, before a party may file a discovery motion, it

must certify that it has attempted in good faith to resolve the dispute, and contact the

court to apprise the court of the dispute and afford it an opportunity to resolve the dispute

either by means of a phone conference or, if that fails, upon letters setting forth the

parties' respective positions. *See Bertz v. Norfolk S. Ry.*, 2004 U.S. Dist. LEXIS 7581, *6,

n.2 (N.D. Ohio Apr. 12, 2004); *Stone v. Jo-Ann Stores Inc.*, 193 F.R.D. 514, 517 (N.D.

Ohio 2000). Failure to comply with L.R. 37.1 may result in the denial of the subsequent discovery motion. *See e.g., Schneider Saddlery Co. v. Best Shot Pet Prod. Intl., LLC,* 2007 U.S. Dist. LEXIS 83676, *3 (N.D. Ohio Nov. 1, 2007); *Mohney v. USA Hockey, Inc.*, 77 F. Supp. 2d 859, 878 (N.D. Ohio 1999), rev'd on other grounds, 5 F. App'x 450 (6th Cir. 2001).

Infocision's motion marks the first time the Court was informed of FML's failure to produce Hobson for his deposition. Had Infocision complied with L.R. 37.1, the discovery dispute could have been resolved by the Court via more informal means. Moreover, while Infocision appended to its motion emails exchanged by counsel on the subject of scheduling Hobson's deposition, Infocision failed to certify to the Court that it had attempted in good faith to resolve the dispute, as required by L.R. 37.1(a)(1). Infocision absolutely failed to meet its requirements under L.R. 37.1(a) before bringing the present motion, and denial of its motion is appropriate.

Infocision's motion also violated the prohibition in L.R. 37.1(b) against the filing of discovery motions more than ten days after the discovery cut-off date. Pursuant to the Court's Case Management Plan and Trial Order (CMPTO), as revised, the discovery deadline was April 16, 2009. Infocision's motion, filed May 14, 2009, was clearly untimely. As such, denial of Infocision's motion for sanctions is appropriate for this additional reason.[2] *See e.g., Baker v. Gerdenich Realty Co*., 2009 U.S. Dist. LEXIS 12434, *15 (N.D. Ohio Feb. 19, 2009).

---

[2] Infocision's motion is not saved by the fact that the Court has subsequently indicated its willingness to revisit the dates set forth in the CMPTO to accommodate the fact that this case has been consolidated with two related cases.

Indeed, the Court is concerned that none of the parties seem able to follow the Court's rules and procedures. The Court's CMPTO, which was filed in all three related actions, clearly requires the parties to file joint status reports every 45 days. Yet, a review of the dockets reveals that only one such report has ever been filed in any of the actions. This is surprising, given that the CMPTO states that repeated failures to file status reports may lead to sanctions, "including dismissal of claims or defenses under Rule 41(b) of the Federal Rules of Civil Procedure." (CMPTO, pp. 2-3.)

Going forward, the parties and their counsel shall dispense with the posturing and gamesmanship that have mired these proceedings thus far. Further, counsel would be wise to familiarize themselves with the CMPTO and the Local Rules, including the rules governing discovery disputes. A continued failure to comply with the Court's rules and procedures shall be met with sanctions, up to and including dismissal of claims or defenses.

As for the upcoming status conference, counsel should be prepared to edify the Court as to what additional discovery needs to be done. In addition, the Court shall entertain discussion on the order for the remaining depositions, and will make a determination as to that order. Counsel should also be prepared to set dates for these depositions at the conference, which, of course, implies that counsel must know the availability of their clients' representatives.

**Conclusion**

Thus, for the reasons set forth above, Infocision's motion for sanctions

6

(Doc. No. 56) is **DENIED**.

        **IT IS SO ORDERED**.

Dated: June 15, 2009

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**