UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INFOCISION MANAGEMENT CORP., | ) | CASE NO.5:08CV1342 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| FOUNDATION FOR MORAL LAW, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of Defendant Foundation for Moral Law, Inc. (Defendant or FML), filed November 12, 2010, styled "Motion of Foundation for Moral Law for Recusal and Affidavit of Prejudice." (Doc. No. 162.) FML brings this motion pursuant to 28 U.S.C. §§ 144 and 455(a). Plaintiff Infocision (Plaintiff or Infocision) has not filed a response. For the reasons that follow, Defendant's motion to recuse is DENIED.

**Background**

The facts surrounding this action have been set forth in numerous Memorandum Opinions and Orders, familiarity with which is presumed. Suffice it to say, the present dispute arises out of a contractual relationship wherein Infocision agreed to provide telemarketing services designed to raise money to support the charitable and political work of FML. On June 3, 2008, Infocision brought suit against FML, alleging

breach of contract. (5:08CV1342.) FML responded with its own action, raising federal and state claims sounding in contract and tort (5:08CV1412), and filed a counterclaim in Infocision's case, alleging the same federal and state contract and tort claims.

On March 29, 2010, the Court issued a ruling on the parties' motions *in limine*. (Doc. No. 136.) On March 30, 2010, with trial set to commence on the remaining claims on April 14, 2010, FML filed a motion to certify the Court's motions *in limine* decision. (Doc. No. 137.) The following day (March 31, 2010), FML filed a notice of appeal from that same decision, representing that the *in limine* ruling constituted a final, appeal order. (Doc. No. 138.) In light of the notice of appeal, the Court cancelled the trial. In a decision dated August 8, 2010, the Sixth Circuit, *sua sponte*, dismissed FML's appeal for want of jurisdiction. (Doc. No. 143; *see Infocision Mgt. Corp. v. Foundation for Moral Law, Inc.*, Case No. 10-4408 (6th Cir. July 7, 2010)).

Following the return of the case by the Sixth Circuit, the Court set a new final pre-trial date of October 29, 2010, and scheduled the case for trial to commence on November 8, 2010. (Doc. No. 144.) On October 27, 2010, the Court issued a Memorandum Opinion resolving the parties' dueling summary judgment motions. (Doc. No. 153.) In its decision, the Court adopted Infocision's interpretation of the parties' contract. The effect of the ruling was to dismiss FML's action and its counterclaim, and to leave only the question of Infocision's damages for trial. The Court also denied FML's motion to certify the portion of the Court's March 29, 2010 *in limine* ruling that FML was precluded from claiming contract damages for recovery of net revenues Infocision

2

raised from recalling individual donors more than twice. FML took an immediate appeal in Case No. 5:08CV1412. (Doc. No. 155.)

The Court conducted a final pre-trial conference on October 29, 2010. At the conference, counsel for FML advised the Court that it intended to seek an immediate appeal in Case No. 5:08CV1342 from the Court's October 27, 2010 ruling. In its minutes from the conference, the Court cautioned counsel "that there has already been one inappropriately filed interlocutory appeal in this matter, and if another inappropriate interlocutory appeal is sought, it will consider all appropriate sanctions." (*See* Minutes October 29, 2010.) Notwithstanding the Court's warning, FML amended its Notice of Appeal to include Case No. 5:08CV1342. (Doc. No. 157, filed November 1, 2010.)

With trial now only days away, the Court was once again forced to regroup. In its Order cancelling the trial, the Court observed that:

> While this Court is far from convinced that FML's revised notice of appeal properly divests it of jurisdiction, it will, in an abundance of caution, cancel all dates and deadlines, including the November 4, 2010 telephonic status conference and the November 8, 2010 trial, and await a ruling from the Sixth Circuit as to whether it will entertain FML's appeal in Case No. 5:08CV1342. In the event that the Sixth Circuit declines to hear the appeal as premature and returns the case to this Court's docket, the Court may, if appropriate, impose sanctions against FML and/or its counsel.

(Doc. No. 158.) In a decision dated January 19, 2011, the Sixth Circuit granted Infocision's motion to dismiss FML's appeal from Case No. 5:08CV1342. The Sixth Court found that FML had not sought appeal of a final, appealable order, and further determined that, in the absence of an order by the district court certifying the ruling for immediate review, FML was not entitled to seek interlocutory appeal under Rule 54(b) of

3

the Federal Rules of Civil Procedure. (Doc. No. 163; *see Infocision Mgt. Corp. v. Foundation for Moral Law, Inc.*, Case No. 10-4408 (6th Cir. Jan. 19, 2011)).

**Motion to Disqualify**

FML seeks recusal under 28 U.S.C. §§ 144 and 455(a). Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than 10 days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"Section 144 relates only to charges of actual bias," *Henderson v. Dep't of Public Safety & Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990), and makes recusal mandatory once a party submits a timely, sufficient affidavit and his counsel certifies that the affidavit is made in good faith. *Scott v. Metropolitan Health Corp.*, 234 Fed. Appx. 341, 352 (6th Cir. 2007). A court is required to accept as true the factual allegations of the movant's affidavit, but the court "'may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Id.* (quoting *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004)). "A judge is not bound to accept the conclusions that the movant would draw from the alleged facts." *Doe v. Cin-Lan, Inc.*, 2010 U.S. Dist. LEXIS 7845, *7-*8 (E.D. Mich. Feb. 1, 2010) (citing *Scott*, 234 Fed. Appx. at 352).

"The alleged facts, moreover, must relate to 'extrajudicial conduct rather than […] judicial conduct.'" *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)). "In other words, the affidavit must allege facts showing 'a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law.'" *Id.* at 682 (quoting *Story*, 716 F.2d at 1090).

The Court finds that the motion was timely filed, and was accompanied by a proper affidavit and certificate of counsel. Nonetheless, as will be shown below, FML's motion fails to demonstrate actual bias.

Section 455(a) provides:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"The law with regard to recusal under section 455 is straightforward and well-established in the Sixth Circuit. A district court is required to recuse himself only 'if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Wheeler v. Southerland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (quoting *Story*, 716 F.2d at 1091 (internal citation omitted)). "This standard is objective and is not based 'on the subjective view of a party.'" *Id.* (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988) (emphasis in original)). *See United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990).

Bias requiring recusal must amount to more than a favorable or unfavorable disposition toward an individual. *Fharmacy Records v. Nassar*, 572 F. Supp.

5

2d 869, 876 (E.D. Mich. 2008). "Therefore, disagreement with a judge's decision or ruling is not a basis for disqualification." *Id. See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) ("[T]he recusal statute was never intended to enable a discontented litigant to oust a judge because of adverse rulings made […].") (internal citation omitted); *Cheese v. United States*, 290 Fed. Appx. 827, 830 (6th Cir. 2008).

"Although a judge is obliged to disqualify himself where there is a close question concerning his impartiality, *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), he has an equally strong duty to sit where disqualification is not required." *United States v. Angelus*, 258 Fed. Appx. 840, 842 (6th Cir. 2007) (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (separate memorandum of Rehnquist, J. (collecting cases)). In making a determination as to bias, "a court must remember that 'where the standards governing disqualification have not been met, disqualification is not optional; rather it is prohibited.'" *Fharmacy Records*, 572 F. Supp. 2d at 876 (quoting *In re Aguinda*, 241 F.3d 194, 201 (2nd Cir. 2001)).

In support of its motion, FML offers the affidavit of Richard Hobson, Executive Director and former President of FML, wherein Hobson avers that: "I believe that Judge Lioi will not act as an impartial arbiter of the law in this action, but is determined to force FML into settling its claims on grounds favorable to infocision […]." (Doc. No. 162, Ex. A. Affidavit of Richard Hobson at ¶ 3a.) Hobson then identifies five instances which he believes support his allegation of partiality. The Court shall address each example in turn.

First, Hobson highlights the fact that the Court, in its October 27, 2010 decision denying FML's request to certify the Court's *in limine* ruling, "took the unusual action of commenting in her opinion that the delays in this case are attributable to FML, an assertion that is flatly refuted by the case history." (Hobson Aff. at ¶ 3b.) Hobson's opinion as to the case history, as well as his observation that the Court's action was "unusual," are in error.

Noting that "where discovery is complete and the case is ready for trial, an interlocutory appeal 'can hardly advance the ultimate termination of the case,'" *Lorentz v. Washington Electric Corp.*, 472 F. Supp. 954, 956 (W.D. Pa. 1979) (quoting *Caldwell v. Seaboard Coastline Railroad*, 435 F. Supp. 310 (W.D.N.C. 1977)), the Court ruled that the fact that the case was now, once again, within days of trial, weighed heavily against granting an interlocutory appeal. Specifically, the Court pointed to the fact that FML's improvidently filed notice of appeal, filed weeks before trial, caused the case to be delayed by several months. The Court also highlighted the fact that FML had previously filed a separate and related action, which the Court dismissed as a sanction after it determined that FML had brought the lawsuit for the purpose of delay.[1] FML appealed this decision, and the Sixth Circuit affirmed this Court's dismissal of the action as a sanction. (*See* Case No. 5:09CV951, Doc. No. 26, November 10, 2010 decision.)

---

[1] FML filed a separate and related action, Case No. 5:09CV951, on April 24, 2009 against Curtis Stern. Counsel for FML represented in the Case Management Conference on June 17, 2009 that the action was not brought for purposes of delay. Notwithstanding that representation, the following day (June 18, 2009), counsel for FML advised Infocision's counsel that he would not be providing the initial disclosures he promised the Court and opposing counsel he would be submitting, but would, instead, discuss dismissal of this new case. Finding that the case was brought for the purpose of securing new dates and deadlines for the two other pending cases, the Court dismissed the new action. (*See* Doc. No. 98, Opinion and Order at 6.) Notwithstanding the dismissal, however, the result was that the Court was forced to extend all of the dates and deadlines set forth in its Case Management Plan and Trial Order. (Doc. No. 63, Superseding CMPTO.)

It is clear from the record that FML was responsible for at least two significant delays at the time the Court issued its ruling on FML's motion to certify. This is not simply the Court's subjective opinion. The Sixth Circuit found that FML had brought the action against Stern for the purpose of delay, *see FML v. Stern*, No. 09-4188 (6th Cir. Nov. 10, 2010) and that it had taken a frivolous appeal from the Court's *in limine* ruling. *See Infocision Mgt. Corp. v. Foundation for Moral Law, Inc.*, Case No. 10-4408 (6th Cir. July 7, 2010). The Court properly took the past delays into consideration in ruling on FML's motion to certify, and no reasonable person aware of these circumstances would believe that such a determination would have evidenced a bias or prejudice on the part of this Court.[2]

Second, Hobson complains that the fact that the Court required the parties to attend the October 27, 2010 final pre-trial conference is evidence of bias. (Hobson Aff. at ¶ 3c.) In all cases, the Court requires counsel, anyone with settlement authority, and all parties and party representatives to attend the final pre-trial conference. (*See* Doc. No. 114, Second Superseding CMPTO at 6.) The Court believes that in-person participation by these groups of individuals is essential as the final pre-trial conference represents the last opportunity to discuss possible settlement and important trial matters. Barring extraordinary circumstances, the fact that a party may have to travel to attend the final pre-trial conference will not excuse attendance at the conference. While FML may disagree with this practice, the Court's adherence to its policy as to attendance at the final

---

[2] Of course, FML's dilatory conduct continued. FML's most recent appeal, filed on October 29, 2010, within days of trial, had the effect of further delaying this action. Once again, the Sixth Circuit ruled that the appeal was frivolous. *See Infocision Mgt. Corp. v. Foundation for Moral Law, Inc*., Case No. 10-4408 (6th Cir. Jan. 19, 2011).

pre-trial conference would hardly lead a reasonable person to find the existence of bias or prejudice.

Third, Hobson claims that the Court took "personal offense" to the fact that FML attempted to take an immediate appeal from the Court's October 27, 2010 decision. (Hobson Aff. at ¶ 3d.) According to Hobson, the Court's warning that sanctions may be considered if another improperly filed appeal is returned to this Court by the Sixth Circuit "is contrary to the accepted view that appellate avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." (*Id.*) The Court did not take "personal offense," but merely reminded FML that it had already taken one frivolous appeal in this matter, and cautioned it that it proceeded at its own risk as to a second improvidently filed appeal. A court's ordinary efforts at courtroom administration remain immune from a finding of prejudice. *See Liteky*, 510 U.S. at 555-56. Given the fact that the Sixth Circuit concluded that both appeals were frivolous, the reasonable person could not conclude that the Court's caution constituted bias or prejudice. *See, e.g., Cooper v. United States*, 2007 U.S. Dist. LEXIS 17460, *7 (S.D. Ohio Mar. 12, 2007) (court's disqualification of defense counsel, which was affirmed on appeal, did not provide grounds for recusal).

Fourth, Hobson takes issue with the Court's interpretation of the parties' contract. While Hobson states that he understands that his disagreement with the Court's ruling, alone, may not serve as the foundation for his motion to recuse, he represents that the Court erred in adopting the interpretation advanced by Infocision. Because Hobson believes that Infocision's interpretation was no less flawed than the interpretation offered

9

by FML and rejected by the Court, he asserts that the Court failed to treat the parties evenly. (Hobson Aff. at ¶ 3f.) While Hobson carefully attempts to couch his complaint in terms of bias and prejudice, it is clear that he simply disagrees with the Court's ruling. Contract interpretation generally requires a court to make a determination from among various proffered interpretations. The fact that Hobson and FML disagree with this Court's interpretation is a matter for the Sixth Circuit, and cannot serve to justify a finding of bias and prejudice. *See Nelson*, 922 F.2d at 319; *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956); *see also City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980).[3] Indeed, none of the factual allegations set forth in the Hobson Affidavit would lead a reasonable person to conclude that the undersigned's impartiality might reasonably be questioned.

Moreover, the factual allegations set forth in the Hobson Affidavit are not legally sufficient to support disqualification under § 144. Assuming the facts are true, they do not support the conclusions FML hopes to draw. Hobson's unsupported suspicions and opinions are simply insufficient to convince a reasonable person that actual bias exists. Further, it is clear that the facts alleged by FML go to the undersigned's "view of the law" as opposed to her "background and association." *Ullmo*, 273 F.3d at 682.

"Judicial impartiality and independence are serious matters." *Fharmacy Records*, 572 F. Supp. 2d at 876. *See United States v. Johnson*, 488 F.3d 690, 697 (6th

---

[3] Likewise, Hobson's complaint that the Court erred in refusing to certify for immediate appeal its March 27, 2010 decision cannot, for the same reasons, support a motion to recuse. No reasonable person would find that the Court's determination that certification would not materially advance the litigation of a case that was fully briefed and ready for trial constituted grounds for finding bias or prejudice.

Cir. 2007). "However, [FML has] trivialized these attributes" by equating bias with unfavorable rulings. *Fharmacy Records*, 572 F. Supp. 2d at 876. FML is obviously dissatisfied with many of the Court's decisions in this matter to date. This, alone, does not give it "cause for a baseless attack upon the impartiality of the decision maker." *Id*.

This case has been pending since 2008, and as this Court and the Sixth Circuit have found, many of the delays have been attributable to FML. The undersigned will not permit this case to be delayed further by recusing herself where no actual bias or prejudice is present and no reasonable person would find as such. The matter is ready to be tried on the remaining issue of Infocision's damages, and this case will proceed to trial on that issue. FML's motion to recuse is denied.

**Sanctions**

This leaves the question of sanctions. This Court has both the desire and the obligation to administer its cases in a timely fashion, and has the authority to ensure that counsel and the parties do not interfere with this administration. *See* 28 U.S.C. § 1927 and Fed. R. Civ. P. 37. FML's dilatory tactics have now delayed this case on several occasions. Twice the Court and the parties have come to the eve of trial, only to have FML take an improperly filed appeal from a non-final appealable order and stall the proceedings. The result has been unnecessary delay, and wasted time and effort preparing for a trial that did not take place. Such dilatory action would seem to warrant sanctions.

The Court shall, however, reserve the issue of sanctions against FML until after the trial on Infocision's damages. Following final judgment in this matter, Infocision may file a motion for sanctions to recover its attorney's fees associated with its multiple

attempts to prepare for trial. If the Court determines that sanctions are warranted, it will permit Infocision to file a fee petition setting forth the additional time and expense it incurred in having to prepare for trial more than once.

**Conclusion**

For all of the foregoing reasons, the Court hereby DENIES FML's motion to recuse.

**IT IS SO ORDERED**.

Dated: March 7, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**