UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INFOCISION MANAGEMENT CORP., | ) | CASE NO.5:08CV1342 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | ORDER |
| FOUNDATION FOR MORAL LAW, INC., | ) | |
| DEFENDANT. | ) | |

On August 11, 2011, following a four-day jury trial, the jury returned a verdict in favor of Plaintiff Infocision Management Corporation (Infocision), and awarded Infocision $347,852.60 in compensatory damages. (Doc. No. 193, Verdict.) In a non-document order, dated August 12, 2011, the Court instructed the parties to file a joint notice advising the Court of the amount of the set-off to which the Court had previously determined Defendant Foundation for Moral Law, Inc. (FML) was entitled under applicable state laws. The parties could not agree as to the amount of the set-off and have filed separate briefs. (*See* Doc. Nos. 195 and 196.) In order to enter final judgment in this matter, the Court must resolve the dispute as to FML's set-off.

**Background**

The focus of the present lawsuit was a contract entered into by Infocision and FML, whereby Infocision, a professional solicitor, agreed to raise funds and awareness for FML, a charitable organization, through telemarketing activities. The

initial telemarketing campaign resulted in a loss, and the parties disagreed as to the meaning of the language in the contract that governed Infocision's obligation to attempt to make up the deficit with a second telemarketing campaign. Ultimately, Infocision and FML each filed a lawsuit, and the actions were consolidated before this Court.

Following an extended period of discovery, the parties engaged in several rounds of briefing on dispositive motions. In one of its summary judgment motions, Infocision moved for partial summary judgment on Infocision's guaranty under Ohio law that FML would receive a percentage of the donations Infocision received from donors in Ohio. (Doc. No. 94.) In its response, FML acknowledged its right to receive a percentage of donations from Ohio, but also alleged that it was entitled to the minimum revenue guaranteed from each state with a rider to the parties' contract. Specifically, FML represented that it was "entitled to the minimum guaranteed amount from each state where funds were solicited that has a minimum guarantee provided in the state's law." (Doc. No. 104 at 2-3.) FML raised no other arguments with respect to state guarantees. Infocision did not challenge this representation, and the Court ultimately ruled that:

> There appearing to be no dispute between the parties, […] FML is entitled to receive the minimum guaranteed amount from each state where funds were solicited, as provided for by that state's law, to the extent that these sums are established at trial. This amount shall be applied as a set-off should Infocision prevail on its contract claim, and as a judgment should FML prevail.

(Doc. No. 112 at 13.)

After the final round of dispositive motions, wherein the Court ruled in favor of Infocision's interpretation of the contract and dismissed the remaining claims in FML's action, the parties proceeded to trial on Infocision's action. As previously noted,

2

the jury returned a verdict in favor of Infocision and awarded it compensatory damages. The Court must now determine the amount of the set-off before it can enter a final judgment.

**Analysis**

It is Infocision's position that the parties had previously agreed that FML was entitled to a set-off of $1,860.71 as its guaranteed share of the donations received from Ohio and Vermont. In support, Infocision attached to its brief a March 31, 2010 letter from its counsel to counsel for FML setting forth Infocision's calculations. As the basis for its calculations, Infocision notes that the contracts between the parties' provided for a guaranty of 1% of 90% of the donations solicited by Infocision in Ohio for the first year of the contract, and 2% of 90% of the funds solicited in Ohio the second year of the contract. Similarly, it applied 1% of the funds raised in Vermont the first year under Vermont law, and 2% of the funds for the second year.

FML argues for the first time that it is entitled to a set-off of $31,353.40. First, it claims that Infocision failed to provide an itemized report of the monies solicited in the State of Ohio, as required by Ohio Rev. Code § 1714.14(A)(11). It insists that Infocision's failure to provide this report makes any calculation of the guaranty owed for funds solicited in Ohio impossible.

Nonetheless, FML maintains that it is entitled to 1% of 90% of all revenue raised in any state in 2003, and 1.8% of all revenue raised in any state in 2004. In arriving at its final figure, FML begins with $2,322,474 contained in a report setting forth the total

amount received from any and all states as a result of Infocision's fundraising efforts.[1] (FML's Trial Exhibit P.)

The Court finds that Infocision's calculations properly reflect the amounts owed FML under the parties' agreements and the laws of Ohio and Vermont. In reaching this conclusion, the Court notes that FML has failed to offer any authority whatsoever that would support a finding that the Ohio statute provides for a percentage of all funds solicited, even those solicited from outside of Ohio. Further, the Court observes that FML's calculations are based on its unproven allegations that Infocision violated Ohio laws, allegations that are improperly raised for the first time post-trial.

**Conclusion**

Therefore, the Court finds that FML is entitled to a set-off of $1,860.71, representing 1% of 90% of funds raised in Ohio in 2003, 2% of 90% of funds raised in Ohio in 2004, 1% of all funds raised in Vermont in 2003, and 2% of all funds raised in Vermont in 2004. (Doc. No. 195-1.) This amount shall be applied as a set-off against the jury's verdict in favor of Infocision.

**IT IS SO ORDERED**.

Dated: August 30, 2011

HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE

---

[1] FML also appears to rely on arguments that Infocision violated Ohio law by failing to properly report its funding raising efforts. Further, it posits that it is entitled to "all amounts raised by Infocision in advance of filing a contract for the FML campaign with the Ohio Attorney General. *See* R.C. 1716.07(D)(1)(b), supra." (Doc. No. 196 at 9.) FML acknowledges, however, that these arguments formed part of the basis for its federal and state civil RICO and nuisance claims, which were dismissed by the Court on January 14, 2009.