UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INFOCISION MANAGEMENT CORP., | ) | CASE NO. 5:08CV1342 |
| | ) | (Related Case Nos.: |
| PLAINTIFF, | ) | 5:08CV1412; 5:09CV951) |
| | ) | |
| vs. | ) | JUDGE SARA LIOI |
| | ) | |
| FOUNDATION FOR MORAL LAW, | ) | **MEMORANDUM OPINION** |
| INC., | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## BACKGROUND

On December 11, 2009, the Court issued an order (Doc. No. 98) granting defendant Curtis Stern's motion under 28 U.S.C. § 1927 and the Court's inherent power to recover costs, expenses, and attorney's fees from Percy Squire, counsel for Foundation for Moral Law, Inc. (FML), relating to Case No. 5:09CV951. The Court declined to award sanctions under Fed. R. Civ. P. 11 or for two prior cases brought by FML against Stern.[1]

Stern has filed his motion for attorney's fees and costs. (Doc. No. 194.)[2] Attorney Squire has filed his memorandum in opposition, which includes a motion to strike the fee petition as untimely. (Doc. No. 198.) Stern filed a reply. (Doc. No. 201.)

---

[1] Case Nos. 5:07CV3121 and 5:08CV1342.

[2] Although the fees and costs are being awarded only for Case No. 5:09CV951, all docket entries have been made in the lead case of these consolidated cases. Therefore, all references to the record are to the docket in Case No. 5:08CV1342, unless otherwise specifically noted.

The motion to strike (Doc. No. 198) is **DENIED** because this Court previously ordered Stern to refile his first fee petition after the Sixth Circuit had resolved the appeals. (*See* Non-Document Order, June 21, 2010.)

Doc. No. 194 is **GRANTED** to the extent set forth below.

## DISCUSSION

### A.    The Parties' Positions

Stern's motion is properly supported by affidavits of counsel (including an affidavit of an independent attorney who attests that the fees and expenses are reasonable and fair) and by itemized billing records. The motion seeks attorney's fees in the amount of $42,172.00 and expenses/costs in the amount of $1,607.78, for a total of $43,779.78.

In opposition, Attorney Squire asserts that the motion should be denied for four reasons: (1) it is based on a standard articulated in a civil rights case, not a case under § 1927; (2) it is not properly supported by expert testimony; (3) it seeks recovery for amounts of time spent responding to a complaint filed with the Ohio Attorney General (OAG Complaint), a matter outside the scope of the Court's December 11, 2009 order; and (4) the action was for a single claim of intentional misrepresentation that did not involve novel or complex issues of law. (Doc. No. 198 at 3.) There is no specific opposition to the hourly rates charged. Nor does Attorney Squire challenge any specific itemized task, except unspecified amounts of time devoted to the OAG Complaint.

In reply, Stern briefly addresses each of Attorney Squire's four arguments and specifically notes that he has not requested *all* of the fees and costs incurred, but has limited his request, as required by the Court.

**B.     Analysis**

Notwithstanding Attorney Squire's first argument, the starting point for determining an appropriate sanction *is* the "lodestar" approach, wherein the Court multiplies the number of hours reasonably expended by a reasonable hourly rate.[3] The "lodestar" method "has been approved, in modified form, though not mandated, by the Supreme Court." *Coulter v. Tennessee*, 805 F.2d 146, 148 n.1 (6th Cir. 1986) (collecting cases). However, because the purpose of sanctions under 28 U.S.C. § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy[,]" *Red Carpet Studios, Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006),[4] the amount ultimately awarded need not make a party whole or constitute full restitution. *Id*. Therefore, the Court must award an amount of attorney's fees and costs that will provide "sufficient deterrence and punishment." *Id*.

Percy Squire's second argument has no merit, as Stern's motion is supported by the affidavit of Attorney Stephen P. Griffin, whose credentials clearly permit him to opine as an expert with respect to the reasonableness of Stern's application.

As for Mr. Squire's third and fourth arguments, the Court concludes that they have merit. However, as indicated below, the Court's determination to award amounts lower than requested will account for the strength of these two arguments.

---

[3] Even the most cursory review of Sixth Circuit case law reveals that this method has been used in virtually every situation where fees and costs have been considered. *See, e.g.*, *VanHorn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496 (6th Cir. 2011) (breach of contract class action); *Ellison v. Balinski*, 625 F.3d 953 (6th Cir. 2010) (fee-shifting provision of 42 U.S.C. § 1988); *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442 (6th Cir. 2009) ("prevailing party" in Fair Debt Collection Practices Act case); *B&G Min., Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657 (6th Cir. 2008) (fee-shifting provision under Black Lung Benefits Act); *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224 (6th Cir. 1989) (Rule 11 sanctions); *see also*, *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992) ("[t]he 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.").

[4] "A sanctioned attorney is thus required to personally satisfy the excess costs attributable to his misconduct." *Red Carpet Studios*, 465 F.3d at 646.

The Court has carefully examined the billing records submitted by Stern in support of his application for fees and costs and notes that two attorneys and one law clerk worked on the case.[5] Attorney James McHugh worked a total of 126.70 hours billing at a rate of $270/hour; Attorney John Ramsey worked a total of 47.10 hours billing at a rate of $160/hour; and Law Clerk Maria Klutinoty worked 7.90 hours billing at a rate of $85/hour.

The Court cannot fault the overall number of hours claimed, especially in view of the fact that there were several hours of service that were marked "no charge" or "non-billable" even though the time for those entries was substantial. Nor does the Court find the rates charged by the three legal professionals to be out of line with market rates.

However, the Court is troubled by the fact that the highest-billing attorney did the majority of the work performed on this very simple one-count complaint of intentional misrepresentation. This, of course, is a choice that counsel is free to make. However, when awarding fees as a sanction for *excess costs* incurred, the Court need not require the *sanctioned attorney* to pay for that choice. The actual fees in this case would have been notably less if the lower-billing attorney had done the bulk of the work.

Therefore, in view of the purposes of § 1927, the Court concludes that Attorney McHugh shall be compensated for 80.00 hours at his full rate of $270/hour ($21,600) plus 46.70 hours at a lower rate of $160/hour ($7472), for a total of $29,072. Attorney Ramsey shall be compensated for 47.10 hours at his full rate of $160/hour, for a total of $7,536. The law clerk's amount of $671.50 is deemed appropriate. The total amount awarded for attorney's fees is,

---

[5] There is an isolated $15.00 charge for work performed by an unidentified person whose initials are "BAM." Since the amount is so small, the Court need not be concerned with the lack of identification.

accordingly, $37,279.50. In addition, the costs and expenses of $1,607.78 are deemed appropriate.

## CONCLUSION

For the reasons set forth herein, attorney's fees in the amount of $37,279.50 and costs/expenses in the amount of $1,607.78 are awarded in favor of Curtis Stern against Percy Squire, for a total award of $38,887.28.

**IT IS SO ORDERED**.

Dated: February 3, 2012

                    **HONORABLE SARA LIOI**
                    **UNITED STATES DISTRICT JUDGE**